UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
AUTOMOBILE CLUB OF NEW YORK, INC. d/b/a        11 CIV 6746 (RJH)
AAA NEW YORK and AAA NORTH JERSEY, INC.,

                Plaintiffs,
                                                             **ANSWER**

        v.

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,
                Defendant.
----------------------------------------------------------------------X

       Defendant, The Port Authority of New York and New Jersey (the "Port Authority"), by its undersigned counsel, as and for its answer to the complaint in the above-entitled action, allege, upon information and belief as follows:

## JURISDICTION AND VENUE

       **1.** Neither admits nor denies the statements contained in paragraph "1" of the complaint, because there are no factual allegations made therein and respectfully refers all questions of law to the Court.

## NATURE OF THE ACTION

       **2.** Denies the allegations set forth in paragraph "2" of the complaint.

## THE PARTIES

       **3.** Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

       **4.** Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.  Denies the allegations set forth in paragraph "6" of the complaint, except admits that the Port Authority is a body corporate and politic created by compact between the States of New York and New Jersey with the consent of the Congress of the United States, that the Port District comprises a region within a radius of approximately 25 miles of the Statue of Liberty and that the Port Authority owns and/or operates facilities in furtherance of its statutory mission of "better co-ordination of the terminal, transportation and other facilities of commerce in, about and through the port of New York."

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that the Port Authority summarized its mission in a document entitled "The Port Authority Strategic Plan: Transportation for Regional Prosperity" as follows:

> "In its most succinct form the mission of The Port Authority of NY & NJ is:
>
> 'To enhance the region's competitiveness and prosperity by providing transportation services that efficiently move people and goods within the region and facilitate access to the nation and the world.'"

### HISTORY OF THE PORT AUTHORITY
### BRIDGES AND TUNNELS

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that on or about March 2, 1925, Congress consented to the Port Authority's construction of four interstate bridges: the Outerbridge Crossing, Goethals, George Washington and Bayonne Bridges, and respectfully refers all questions of law to the Court..

9.  Admits the allegations set forth in paragraph "9" of the complaint.

10. Admits the allegations set forth in paragraph "10" of the complaint.

11. Admits the allegations set forth in paragraph "11" of the complaint.

12. Admits the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that the Port District comprises a region within a radius of approximately 25 miles of the Statue of Liberty.

14. Admits the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that in 1955 the Port Authority was authorized to construct a "bus passenger facility" in Washington Heights, New York "as an addition and improvement to … the George Washington bridge."

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that the Port Authority Trans-Hudson Corporation ("PATH"), an interurban electric railway operating between points in New Jersey and downtown and Midtown New York City was placed under the auspices of the Port Authority in or about 1962.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits that plans for construction of the World Trade Center were made public in or about 1961 and that the Port Authority acquired real property in the 1960s and commenced construction of what became seven buildings on a sixteen-acre site.

18. Denies the allegations set forth in paragraph "18" of the complaint.

## PORT AUTHORITY TOLL INCREASES

19. Admits the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint, except admits that toll increases went into effect on or about January 1, 1984 raising the tolls for passenger cars by approximately 33% from $1.50 to $2.00.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits that the F.H.W.A. issued an order on June 19, 1985 limiting the rate base to the four bridges, two tunnels and the bus terminal and finding the rate of return was within the zone of reasonableness.

24. Admits the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that on March 18, 1987, AAA Clubs filed a letter complaint with the F.H.W.A. asserting that the proposed toll increase violated the "just and reasonable" standard of the Bridge Act on the ground it violated the order of June 19, 1985 as the increase was to provide capitalization for a multi-billion dollar program of projects totally unrelated to the bridges and tunnels.

26. Admits the allegations set forth in paragraph "26" of the complaint, and respectfully refers all questions of law to the Court.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admits that in or about April 1987, AAA New York and other motor clubs commenced an action in this Court challenging the 1987 toll increase.

29. Denies the allegations set forth in paragraph "29" of the complaint, except admits that this Court held that the Port Authority's bridges, tunnels, bus terminals, bus programs and the PATH Railroad form an "integrated, interdependent transportation system," that the challenged 1987 toll increases which included PATH, ferry service and bus programs in the base rate were just and reasonable, that this Court's decision was affirmed by the Court of Appeals for the Second Circuit, and respectfully refers all questions of law to the Court.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admits that the Port Authority raised its tolls in 2001.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, except admits that the Port Authority raised its tolls in 2008, to pay for maintenance and improvements to the "interstate transportation network" including PATH improvements, bridge repair and replacement, a new rail tunnel and security.

32. Denies the allegations set forth in paragraph "32" of the complaint, except admits that the quoted language in the complaint comes from a Resolution of the Board of Commissioners of the Port Authority dated November 15, 2007.

33. Denies the allegations set forth in paragraph "33" of the complaint, except admits that the quoted language in the complaint comes from a Resolution of the Board of Commissioners of the Port Authority dated November 15, 2007.

-6-

## 2011 PORT AUTHORITY TOLL INCREASE

34. Denies the allegations set forth in paragraph "34" of the complaint, except admits that the Port Authority announced a proposed toll increase on or about August 5, 2011 in the amounts as alleged.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Admits the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint, except admits that the Port Authority Board of Commissioners met on or about August 19, 2011 and approved the revised toll increases based upon a review of the public comments received during public hearings and the guidance of the the Governors of New York and New Jersey as set forth in a letter dated August 18, 2011.

38. Admits the allegations set forth in paragraph "38" of the complaint.

39. Admits the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

46. Defendant repeats, reiterates and realleges paragraphs "1" through "45" hereof as if more fully set forth at length herein.

47. Neither admits nor denies the statements contained in paragraph "47" of the complaint, because there are no factual allegations made therein, and respectfully refer all questions of law to the Court.

48. Denies the allegations set forth in paragraph "48" of the complaint.

## SECOND CLAIM FOR RELIEF
## INJUNCTIVE RELIEF

49. Defendant repeats, reiterates and realleges paragraphs "1" through "48" hereof as if more fully set forth at length herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

52. The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

53. Plaintiffs are not granted a private right of action by 33 U.S.C. § 508.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

54. The actions of The Port Authority of New York and New Jersey in raising bridge tolls are not violative of 33 U.S.C. § 508 in that such tolls are just and reasonable.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

55. The actions of The Port Authority of New York and New Jersey in raising bridge and tunnel tolls are not violative of U.S. Const. Art. I, § 8 as such actions do not discriminate against interstate commerce, and do not impose a burden on interstate commerce which is

disproportionate to the benefits conferred on the Port Authority and the people of the Port District.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims for relief are barred by laches.

**WHEREFORE**, Defendant, the Port Authority, demands judgment dismissing the complaint herein, together with attorney's fees, costs and disbursements incurred and for such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         October 18, 2011

>                                    Respectfully yours,
>
>                                    JAMES M. BEGLEY, ESQ.
>                                    *Attorney for Defendant*
>                                    The Port Authority of New York and
>                                    New Jersey
>
>
>                                    BY: S/Kathleen Miller
>                                        Kathleen Miller (KM-4346)
>                                        225 Park Avenue South, 13th Floor
>                                        New York, New York 10003
>                                        Telephone No.:  (212) 435-3435\4

TO:   Michael F. Fitzgerald, Esq.
      FARRELL FRITZ, P.C.
      *Attorneys for Plaintiff Automobile Club of New York, Inc. d/b/a AAA New York and AAA North Jersey, Inc.*
      370 Lexington Avenue, Suite 800
      New York, New York 10017
      Telephone No.:  (212) 687-1230