UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                        :

AUTOMOBILE CLUB OF NEW YORK, INC.    :
d/b/a AAA NEW YORK and NORTH JERSEY,  :
INC.,                                     :
                 Plaintiff,      :       11 Civ. 6746 (RJH)
                                          :
       -against-               :
                                          :       **MEMORANDUM**
THE PORT AUTHORITY OF NEW YORK      :    **OPINION & ORDER**
AND NEW JERSEY                 :
                                          :
               Defendant.     :
                                          :
-------------------------------------------------------------------x

On October 4, 2011, Michael G. Grimm ("Grimm"), a Member of Congress[1] representing the 13th Congressional District of New York, and Nicole Malliotakis ("Malliotakis"), a Member of the New York State Assembly representing the 60th Assembly District, moved for leave to file an amicus curiae brief as to a motion by plaintiff Automobile Club of New York, Inc. ("AAA NY") for a preliminary injunction. (Docket [9]) (the "Grimm Motion"). The court entered the Grimm motion on October 17, 2011, and now grants it.

---

[1] The Grimm motion purports to be made "[p]ursuant to Rule 29 of the Federal Rules of Appellate Procedure." (Grimm Motion at 1.) District courts are not bound by Rule 29, but sometimes look to it for guidance when reviewing a request to file an amicus brief. *See, e.g., United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y.1991); *U.S. v. Alkaabi*, 223 F.Supp. 2d 583, 593 (D.N.J. 2002) ("Although there is no rule governing the appearance of an *amicus curiae* in the United States District Courts, the Third Circuit's application of Fed. R.App. P. 29, which governs the appearance of amici in the United States Courts of Appeals, provides guidance to this court.") Rule 29 *inter alia* permits "[t]he United States or its officer or agency or a state" to file an amicus-curiae brief without leave of the court. F.R.A.P. 29(a) (2010). Although Grimm and Malliotakis submit that members of Congress have been considered "officers of the United States" for "various federal statutes," *see Motions Systems Corporation v. George W. Bush*, 437 F.3d 1356 (Fed. Cir. 2006), at least one district court that permitted an amicus-curiae filing on behalf of several members of congress did so only upon consideration of the amicus brief's "usefulness," not merely on the amici's status as elected federal officials. *See Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985); *aff'd on other grounds*, 782 F.2d 1033 (3rd Cir.), *cert. denied*, 476 U.S. 1141 (1986). In any event, as Rule 29 does not govern the procedures of the district courts, Grimm's status as a United States Congressperson is not dispositive as to this motion.

BACKGROUND

Defendant The Port Authority of New York and New Jersey ("Port Authority") is a bi-state governmental agency created by compact between the states of New York and New Jersey with the consent of the Congress of the United States. (Mem. of Law in Opp'n to Pl.'s Application for a Prelim. Inj. and in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 2). The Port Authority is responsible for the construction, maintenance, operation and control of all vehicular bridges and tunnels connecting New York and New Jersey within a 25-mile radius of the Statue of Liberty. (*Id.*) These include three bridges linking Staten Island, a borough of New York City, to New Jersey: the Bayonne Bridge, the Outerbridge Crossing, and the Goethals Bridge.[2] (*Id.*)

On August 19, 2011, the Port Authority Board of Commissioners met and approved a modified toll increase schedule, which applied *inter alia* to all three of the bridges connecting Staten Island to New Jersey. (*Id.* at 3.) Neither the governor of New York nor the governor of New Jersey vetoed the toll increases, as permitted by statute, and thus the raised tolls went into effect on September 18, 2011. (*Id.*) On September 27, 2011, AAA NY sued the Port Authority, claiming that the toll increases violate the Federal Aid and Highway Act, 33 U.S.C. §508 (1987), and the Commerce Clause of the United States Constitution, insofar as the toll increase is implemented "for the purpose of funding a project unrelated to the Port Authority's integrated, interdependent transportation system," said project being development of the World Trade Center. (Compl. at 10-11.) At that time, AAA NY also moved this court *inter alia* to preliminarily enjoin the Port Authority from "continuing to collect toll increases on Port

---

[2] Staten Island is also connected to the borough of Brooklyn by the Verazzano Bridge, which is not maintained by the Port Authority. There is no other vehicular access to Staten Island. (Mot. for Leave to File Amicus Curiae Br. ("Grimm M.") at 1.)

Authority bridges and tunnels . . . ." (Mem. of Law in Supp. of Pl.'s Mot. for a Prelim. Inj. ("Pl.'s Mem.") at 2.)

On October 4, 2011, Grimm and Malliotakis moved for leave to file an amicus curiae brief as to plaintiff's preliminary injunction motion, "to ensure that Staten Islanders' unique financial and transit needs are included in the discourse of this litigation." (Grimm Motion at 1.) No opposition to the Grimm Motion was filed.

STANDARD

"There is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court[.]'" *Onandaga Indian Nation v. State of New York*, No. 97-CV-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (quoting *Gotti*, 755 F.Supp. at 1158); *see also Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership III v. Rockefeller Center Properties, Inc.*, 96 Civ. 1445, 1996 WL 120672, at *4 (S.D.N.Y. Mar.19, 1996) ("[T]here is no governing standard for determining when a court in this district may entertain an amicus filing."), *abrogated on other grounds by Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721 (2d Cir. 2000). District courts have broad discretion to permit or deny an appearance as amicus curiae in a case. *Jamaica Hosp. Medical Ctr., Inc. v. United Health Group, Inc.*, 584 F.Supp. 2d 489, 497 (E.D.N.Y. 2008); *see Onandaga*, 1997 WL 369389, at *2; *U.S. v. Ahmed*, 788 F.Supp. 196, 198 n.1 (S.D.N.Y.), *aff'd* 980 F.2d 161 (2d Cir. 1992). The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties. *United States v. El–Gabrowny*, 844 F.Supp. 955, 957 n. 1 (S.D.N.Y. 1994).

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the

present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F.Supp.2d 295, 311 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)) (citations omitted); *Jamaica Hosp.*, 584 F.Supp. 2d at 497.

Although the court should consider the partiality of a would-be amicus, "[t]here is no rule . . . that amici must be totally disinterested." *Onandaga*, 1997 WL 369389, at *3 (quoting *James Square Nursing Home, Inc v. Wing*, 897 F.Supp. 682, 683 n.2 (N.D.N.Y. 1995), *aff'd on other grounds*, 84 F.3d 591 (2d Cir. 1996), *cert. denied*, 519 U.S. 949 (1996).

ANALYSIS

Grimm and Malliotakis represent the residents of Staten Island, many of whom must drive across the Port Authority bridges regularly for work, shopping, or recreation, more often than other regional drivers. Even residents who do not drive across the bridges regularly, or do not drive at all, are nevertheless affected by the economic impact of the bridge tolls on their businesses, including shipping businesses like the New York Container Terminal. The potentially non-compensable job losses that Grimm and Malliotakis allege may inform the court's decision whether to grant preliminary injunctive relief. Given the disproportionate effect that the bridge tolls have on Staten Island's residents and workers, additional briefing by Grimm and Malliotakis can also "insur[e] a complete and plenary presentation of [potentially] difficult issues so that the court may reach a proper decision[.]" *See Gotti*, 755 F.Supp. at 1158.

The court has reviewed Grimm's and Malliotakis' proposed brief, and finds it to provide helpful information independent of its partiality. For the above reasons, and considering that the Grimm motion was unopposed, the motion **[9]** for leave to file an amicus curiae brief is hereby GRANTED.

SO ORDERED.

Dated: New York, New York
       November 22, 2011

Richard J. Holwell
United States District Judge

5