# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Richard W. Mark
Direct: +1 212.351.3818
Fax: +1 212.351.5338
RMark@gibsondunn.com

October 31, 2014

VIA ECF

The Honorable Richard K. Eaton
United States Court of International Trade
One Federal Plaza
New York, New York 10278

Re:   *Automobile Club of New York, d/b/a AAA New York and AAA North Jersey, Inc. v. Port Authority of New York and New Jersey*, 11 Civ. 6746 (RKE) (HBP)

Dear Judge Eaton:

I write on behalf of defendant Port Authority of New York and New Jersey (the "Port Authority") to request a conference in connection with the Motion for a Preliminary Injunction filed by plaintiffs Automobile Club of New York, Inc. d/b/a AAA New York and AAA North Jersey, Inc. ("AAA") on October 21, 2014, seeking to enjoin the scheduled December 7, 2014 toll increases (the "Second PI Motion"). We respectfully submit that the Court should determine whether to permit AAA to make this motion which, as explained briefly below, raises arguments Judge Holwell considered and rejected when he denied AAA's preliminary injunction motion two years ago, and presents no new law or facts in support. Pursuant to Fed. R. Civ. P. 6(b)(1)(A), we further request that the Court order that the Port Authority shall not be required to respond to the Second PI Motion unless the motion is allowed to proceed, and AAA elects to pursue it.

This case commenced in September 2011 with AAA's motion for a preliminary injunction (the "First PI Motion") that sought to enjoin toll increases approved by the Port Authority's Board of Commissioners in August 2011. The August 2011 action approved a series of annual increases, including the December 2014 increase that is the object of the Second PI motion.

On February 6, 2012, Judge Holwell denied the First PI Motion, holding that AAA failed to make the requisite showing for this "extraordinary and drastic remedy." AAA chose not to appeal Judge Holwell's denial of the First PI Motion. AAA's Second PI Motion seeks purported emergency relief against the same toll increase at issue in the First PI Motion, based on the same predicates that Judge Holwell rejected in his February 6, 2012 Order.

Specifically, AAA advances the identical irreparable harm argument on the same sort of evidence that Judge Holwell held insufficient. AAA's First PI Motion in 2011 argued that motorists would suffer irreparable harm absent an injunction against the toll increases "because there would be no practical way of refunding to the motoring public the cost of the toll increases once they have been determined to be improper." First PI Motion at 5. Judge Holwell rejected AAA's argument as "too weak" to establish that irreparable harm was imminent, concluding that because AAA had shown that 78.9% of drivers travelling the affected bridges and tunnels

# GIBSON DUNN

The Honorable Richard K. Eaton
October 31, 2014
Page 2

use E-Z pass (and could thus have their accounts refunded), the Port Authority's proposal to provide a discount to the "remaining 21.2% of cash-paying drivers" was adequate and "AAA has not shown that a substantial number of drivers would go unreimbursed." Order at 7. AAA did not appeal that adverse ruling. *See* 28 U.S.C. § 1291(a).

AAA's Second PI Motion asserts, once again, that there is "irreparable harm" because the Port Authority "could not refund the toll increases paid by a motorist in cash." Second PI Motion at 13-16. AAA argues now, as it did to Judge Holwell, that a "substantial number of motorists" will be unreimbursed based on the Port Authority's public records of annual bridge and tunnel crossings from 2011-2013 that show the percentage of cash users is "between 17.9% and 23.1%" of vehicles. Judge Holwell's 2012 decision rejected this very argument.

AAA's likelihood of success argument also cites no new facts, relying instead on material that AAA has had since 2011 but chose to ignore in litigating the First PI Motion. As it argued previously, AAA asserts in its Second PI Motion that the Port Authority was diverting ITN revenue for non-ITN purposes (an argument Judge Holwell found fell "far short" of the requisite showing). But instead of these funds going to the "World Trade Center," AAA now substitutes "Bayonne Bridge" and "Pulaski Skyway." Virtually all of the information regarding the Bayonne Bridge, the Pulaski Skyway, and other New Jersey roads cited in this Second PI Motion has been in AAA's possession since 2011. *See e.g.*, 11/4/2011 Fabiano Aff. at ¶ 7(b) (the Bayonne Bridge would be "rehabilitated to increase its vertical clearance to accommodate shipping and to meet modern highway and structural design standards); *id.* at ¶ 7(d) (noting the Lincoln Tunnel access roadway infrastructure projects); *id.* at Ex. A at 6 (listing Pulaski Skyway, N.J. route 1 & 9, N.J. Route 7, Wittpenn Bridge as part of the Lincoln Tunnel access roadway infrastructure projects). AAA further took deposition testimony on these topics nearly two years ago in November 2012.

The Second PI Motion presents no new facts or law to show that there is a nonfrivolous argument for revisiting Judge Holwell's denial of the First PI Motion. We therefore respectfully request that the Court hold a conference and determine whether to allow AAA to proceed with the Second PI Motion, and that the Court order that no response shall be required from the Port Authority until it is determined whether the motion will proceed at all.[1] We are available for the conference at the Court's convenience.

Respectfully,

Richard W. Mark

cc:   All counsel of record (via electronic mail)

---

[1] The Port Authority has separately requested that AAA voluntarily withdraw its motion and has provided AAA with specific details regarding why withdrawal is necessary. We further attempted to contact counsel for AAA by telephone today to discuss, but were unable to reach either Mr. Mulry or Mr. Fitzgerald.