

**Kevin P. Mulry**
Partner

Direct Dial: 516.227.0620
Direct Fax: 516.336.2262
kmulry@farrellfritz.com

1320 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
20986-104

January 12, 2015

By ECF
Honorable Richard K. Eaton
United States Court of International Trade
One Federal Plaza
New York, New York 10278-0001

Re:  **Automobile Club of New York, d/b/a AAA New York
and AAA North Jersey, Inc. v. Port Authority of New York and New Jersey,
No. 11 Civ 6746 (RKE) (HBP)**

Dear Judge Eaton:

We represent Plaintiffs AAA Northeast (formerly Automobile Club of New York d/b/a AAA New York) [1] and AAA New Jersey, Inc. in the above-captioned action.  We have received the summary judgment motion filed by the Port Authority of New York and New Jersey ("Port Authority").  For the reasons set forth below, plaintiffs respectfully request that the Court defer their opposition to the motion until after completion of outstanding discovery, *i.e.*, a decision on the pending objections to the Order of Magistrate Judge Pitman dated June 4, 2014, and a deposition of former Port Authority Chairman David Samson, who is under subpoena to testify.  Alternatively, in the event the Court does not defer the opposition, the parties have agreed upon a proposed briefing schedule for the summary judgment motion.

**Opposition to the motion for summary judgment should
be deferred until the completion of outstanding discovery**

Although discovery is substantially complete in this action, there are two significant items of discovery remaining.  First, AAA has filed objections to a ruling by Magistrate Judge Pitman concerning documents withheld by the Port Authority on deliberative process privilege grounds.  Those objections are fully briefed before the Court, and Oral Argument was held on October 29, 2014.  Doc. Nos., 104, 109; 10/29/14 Minute Entry.  Once that issue has been determined, there is one remaining deposition, by AAA of former Port Authority chairman David Samson.

---

[1]      Effective January 1, 2015, Automobile Club of New York, Inc. consolidated with AAA Southern New England and formed AAA Northeast.  A stipulation and proposed order reflecting the consolidation and change in caption will be submitted to the Court.

Honorable Richard K. Eaton
January 12, 2015
Page 2

Plaintiffs respectfully submit that their opposition to the summary judgment motion should be deferred until after a determination by the Court of the pending objections, and the deposition of Mr. Samson.  Requiring an opposition prior to a decision and the final deposition will be wasteful of the party's resources, potentially resulting in two sets of briefs on the issues, one before the decision and deposition, and one after.

The Port Authority has indicated that its motion is not premature because it considers the documents at issue in the pending objections, and any information to be obtained from former Port Authority Chairman David Samson at his deposition, to be irrelevant.  The Port Authority's unilateral determination is not a basis for it to make a premature summary judgment motion, however, before all discovery has been completed.  Moreover, the remaining discovery is not new or a surprise to the Port Authority.  The Port Authority has been aware of this remaining discovery and the parties have been litigating with respect to it since the end of 2012.  See, e.g., Doc. Nos. 81, 82, 91-99, 102, 104, 109.

First, the documents at issue on the pending objections are concededly responsive to plaintiffs' discovery requests.  Defendant did not object to their production on the ground that they are irrelevant or not responsive.  Instead, defendant has asserted a privilege against production, and whether that privilege has been properly asserted is the subject of the objections before the Court.  According to the privilege log, these documents include communications concerning the 2011 proposed toll and fare increases, including whether to raise the tolls and fares and the size of the toll increases.  Magistrate Judge Pitman specifically ruled that the reasons for the toll increases were relevant for discovery.  Doc. No. 69, at 16.  The Port Authority did not appeal this decision or any of Magistrate Pitman's other decisions on the scope of discovery.  Summary judgment briefing should await a determination of whether the deliberative process privilege shields these documents from disclosure to the plaintiffs.

Second, David Samson was the chairman of the Port Authority Board of Commissioners at the time of the toll increases, and has made public statements about the reasons for the toll increases.  The Commissioners were the decision makers with respect to the toll increase.  Gibson Dunn accepted service of a subpoena on Mr. Samson's behalf, and then moved to quash his subpoena.  Doc. No. 72.  That motion was withdrawn after being fully briefed, Doc. Nos. 72-78, in exchange for an agreement by plaintiffs to limit the number of individuals who would be deposed, and defendant agreed that Mr. Samson would be deposed.  Doc. No. 79. The Port Authority now argues that plaintiffs should not have the benefit of that agreement prior to opposing its summary judgment motion.  Mr. Samson had communications with Port Authority officials concerning the toll increases, he has knowledge of the information provided to the Commissioners by Port Authority officials, and he has knowledge of the finances of the Port Authority relevant to the toll increases, including the capital plan presented to the Commissioners to support the toll increase and the $1.8 billion in the ITN capital plan to fund the Pulaski Skyway and other New Jersey State roads.  Mr. Samson certainly has information relevant to the issues in this case, and the Port Authority should not be permitted to argue now that plaintiffs are not entitled to depose Mr. Samson before responding to the Port Authority's motion for summary judgment.

Honorable Richard K. Eaton
January 12, 2015
Page 3


For these reasons, plaintiffs' opposition should be deferred until after a resolution of the pending objections and the deposition of Mr. Samson.

**In the alternative, the parties have agreed upon a briefing schedule**

In the event the Court does not defer plaintiffs' opposition to the Port Authority summary judgment motion, the parties have agreed upon the following briefing schedule and respectfully request that it be entered by the Court:

Plaintiff's opposition to the motion will be due on or before February 27, 2015;

Defendant's reply will be due on or before March 20, 2015.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Kevin P. Mulry

cc:   Richard W. Mark, Esq.
      Kathleen Miller, Esq.