UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
AUTOMOBILE CLUB OF NEW YORK, INC.,                               :
d/b/a AAA New York, and AAA NORTH                                :
JERSEY, INC.,                                                    :
                                                                 :
                      Plaintiffs,                                :
                                                                 :   Before: Richard K. Eaton, Judge*
              v.                                                 :
                                                                 :   Court No. 11 Civ. 6746 (RKE)
THE PORT AUTHORITY OF NEW YORK                                   :
AND NEW JERSEY,                                                  :
                                                                 :
                      Defendant.                                 :
-----------------------------------------------------------------x

## MEMORANDUM OPINION and ORDER

Before the court are the objections, made pursuant to Federal Rule of Civil Procedure 72(a), of plaintiffs Automobile Club of New York, Inc., doing business as AAA New York, ("AAA New York") and AAA North Jersey, Inc. ("AAA North Jersey") (together, "AAA" or "plaintiffs"), regarding portions of the Opinion and Order of Magistrate Judge Pitman dated June 4, 2014 ("June 4 Opinion"). See Pls.' Objections to the Magistrate Judge's Op. and Order dated June 4, 2014 (ECF Dkt. No. 104) ("Pls.' Br."); *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746(RKE)(HBP), 2014 WL 2518959 (S.D.N.Y. June 4, 2014) ("*AAA v. Port Authority II*"). In his opinion, Magistrate Judge Pitman denied AAA's application for an order compelling the production of 339 documents by the Port Authority of New York and New Jersey (the "Port Authority" or "defendant"). See *AAA v. Port Authority II*, 2014 WL 2518959, at *11. Defendant disputes AAA's objections. See Def.'s Opp'n to Pls.' Objections to the Magistrate

---

         *   Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Judge's Op. and Order Dated June 4, 2014 (ECF Dkt. No. 109). Oral argument was heard on October 29, 2014. The court has now considered AAA's objections and, for the reasons set forth below, finds them to be without merit and, therefore, affirms the June 4 Opinion.

## BACKGROUND

AAA New York and AAA North Jersey are not-for-profit corporations that claim to represent the interests of nearly two million member drivers. The Port Authority is a bi-state governmental agency, created by an interstate compact between the States of New York and New Jersey, that operates facilities in and around New York City, including four interstate bridges, two interstate tunnels, the interstate Port Authority Trans-Hudson railroad, three bus terminals, two truck terminals, seven marine terminals, four airports, two heliports, and the sixteen-acre World Trade Center site.

The Port Authority is authorized to collect tolls at its bridge and tunnel facilities. On August 19, 2011, its Board of Commissioners met and approved a toll increase schedule. *See* Aff. of Michael Fabiano, Ex. F at 13 (ECF Dkt. No. 12-6); Compl., Ex. G (ECF Dkt. No. 1-7). Thereafter, on September 27, 2011, AAA began this suit, alleging, generally, that the toll increases imposed on certain Port Authority facilities constituting the Integrated Transportation Network violated the dormant Commerce Clause of the United States Constitution and the Federal-Aid Highway Act of 1987 (the "Highway Act"). Compl. ¶ 1 (ECF Dkt. No. 1). The contested documents relate to the various reasons considered by the Port Authority for increasing the tolls, but not how the revenue from the tolls was spent.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 26.2(c), the Port Authority provided AAA with a privilege log that identified the 339 documents withheld

pursuant to the deliberative process privilege on a categorical basis. *See* Decl. of Kevin P. Mulry ("Mulry Decl."), Ex. B (ECF Dkt. No. 92-2). For each of the defined categories of documents, the privilege log listed the "Date," "Doc Type," "Authors," "Recipients," "Privilege Description," and "Privilege Reason." *See* Mulry Decl., Ex. B.

AAA then claimed, via letter to Magistrate Judge Pitman, that the privilege log was insufficiently detailed and sought an order requiring the Port Authority to amend the log and provide more information about the withheld documents. *See Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 297 F.R.D. 55, 57–58 (S.D.N.Y. 2013) ("*AAA v. Port Authority I*") (citation omitted). In an Opinion and Order dated May 8, 2013 (the "May 8 Order"), Magistrate Judge Pitman ordered the Port Authority to supplement its privilege log "by providing the number of individuals that comprise the 'Authors' and 'Recipients' of each of the eight challenged categories," as well as "the number of documents encompassed within each of the eight challenged categories," and by specifically identifying, by name and title, certain individuals within each category. *Id.* at 63, 64. AAA did not move to have the May 8 Order reconsidered, nor did it appeal the order to the court. *See AAA v. Port Authority II*, 2014 WL 2518959, at *7. Subsequently, the Port Authority submitted a revised privilege log with a supporting declaration made by Patrick J. Foye (the "Foye Declaration"), the Executive Director of the Port Authority. Mulry Decl., Ex. A ("Supplemental Privilege Log"), Ex. C (ECF Dkt. Nos. 92-1, 92-3).

On August 6, 2013, AAA made a further motion to compel production of the 339 documents withheld pursuant to the deliberative process privilege, in which it also requested that Magistrate Judge Pitman review the documents *in camera* "[i]f there is any question as to the applicability of the privilege or the balancing of factors . . . ." Pls.' Mem. of Law in Supp. of Mot. to Compel Produc. of Documents Withheld Pursuant to the Deliberative Process Privilege 3

(ECF Dkt. No. 93) ("Mot. to Compel Mem."). In the June 4 Opinion, Magistrate Judge Pitman denied AAA's motion to compel in its entirety. *See AAA v. Port Authority II*, 2014 WL 2518959, at *11. These objections followed.

## DISCUSSION

### I. LEGAL FRAMEWORK

#### A. Rule 72(a)

When considering objections to an order issued by a magistrate judge concerning a nondispositive matter, a Court shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thompson v. Keane*, No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). An order "is 'clearly erroneous' only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Thompson*, 1996 WL 229887, at *1 (quoting *Palmer v. Reader's Digest Ass'n, Inc.*, No. 84 Civ. 8397 (CSH), 1995 WL 686737, at *1 (S.D.N.Y. Nov. 20, 1995)); *see also Siao-Pao v. George*, No. 90 Civ. 5376 (PKL), 1992 WL 236184, at *2 (S.D.N.Y. Sept. 10, 1992). An order is "contrary to law" "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson*, 1996 WL 229887, at *1 (quoting *SEC v. Thrasher*, No. 92 CIV. 6987 (JFK), 1995 WL 456402, at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted). "[A] magistrate judge's resolution of a discovery dispute deserves substantial deference." *Siao-Pao*, 1992 WL 236184, at *2 (citations omitted); *see also Thompson*, 1996 WL 229887, at *1.

### B. The Deliberative Process Privilege

The 339 documents that AAA seeks were withheld by the Port Authority pursuant to its claim that they are covered by the deliberative process privilege. As Magistrate Judge Pitman noted in his June 4 Opinion, the purpose of the deliberative process privilege is to promote sound "agency decisions by preserving and encouraging candid discussion among officials." *AAA v. Port Authority II*, 2014 WL 2518959, at *3 (quoting *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005)); *see also MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008). Documents gain the privilege if they are both (1) "predecisional" and (2) "deliberative." *Nat'l Council of La Raza*, 411 F.3d at 356 (citations omitted) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)).

A document is "predecisional" "when it is prepared in order to assist an agency decisionmaker in arriving at his decision." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 80 (2d Cir. 2002) (quoting *Grand Cent. P'ship*, 166 F.3d at 482) (internal quotation marks omitted).

"A document is 'deliberative' when it is 'actually . . . related to the process by which policies are formulated.'" *Grand Cent. P'ship*, 166 F.3d at 482 (alteration in original) (quoting *Hopkins v. U.S. Dep't of Hous. & Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991)) (internal quotation marks omitted). In particular, "[d]raft documents, by their very nature, are typically predecisional and deliberative. They 'reflect only the tentative view of their authors; views that might be altered or rejected upon further deliberation either by their authors or by superiors.'" *Exxon Corp. v. Dep't of Energy*, 585 F. Supp. 690, 698 (D.D.C. 1983) (quoting *Pennzoil Co. v. Dep't of Energy*, No. Civil 78-335, 1981 WL 1281, at *2 (D. Del. Jan. 29, 1981)).

Nevertheless, a document is not deliberative where it concerns "purely factual" information regarding, for example, investigative matters or factual observations. *See Grand*

5

*Cent. P'ship*, 166 F.3d at 482 (citations omitted) (quoting *Hopkins*, 929 F.2d at 85) (internal quotation marks omitted). "Thus, factual findings and conclusions, as opposed to opinions and recommendations[,] are not protected." *E.B. v. N.Y.C. Bd. of Educ.*, 233 F.R.D. 289, 292 (E.D.N.Y. 2005) (quoting *Reino de Espana v. Am. Bureau of Shipping*, No. 03CIV3573LTSRLE, 2005 WL 1813017, at *11 (S.D.N.Y. Aug. 1, 2005)) (internal quotation marks omitted).

Moreover, in his June 4 Opinion, Magistrate Judge Pitman succinctly described the process by which the privilege may be invoked.

> Several procedural requirements must be met in order to properly invoke the privilege. First, the privilege must be invoked by the head of the governmental agency which has control over the information to be protected, after personal review of the documents in question or by a subordinate designee of high authority. Second, the person asserting the privilege must have personally reviewed the purported privileged matter and provide[d] specific reasons for the assertion of the ... privilege with an affidavit *contemporaneous* with the assertion of such privilege. These requirements rest[] on the notion that the decisionmaker is in the best position to know what documents were prepared to assist a decision, what documents express deliberative opinions, and what documents must be protected in order to maintain internal candor.

*AAA v. Port Authority II*, 2014 WL 2518959, at *4 (alterations in original) (citations omitted) (internal quotation marks omitted).

## II. AAA'S OBJECTIONS

AAA makes three objections to the June 4 Opinion. First, it asserts that, as "to all of the 339 withheld documents, the Port Authority has failed to carry its burden of demonstrating that a privilege applies. Neither the [p]rivilege [l]og nor the Foye Declaration provides information sufficient to carry the Port Authority's burden of demonstrating that the withheld documents are deliberative." Pls.' Br. 7. AAA specifically includes in its argument that "there are

communications between the Port Authority and the New Jersey and New York Governors' offices among the 339 withheld documents" and "[t]he Port Authority has completely failed to carry its burden of establishing that they are deliberative." Pls.' Br. 16. According to AAA, neither the privilege log nor the Foye Declaration "describe who these individuals are, what their roles and relationships were, whether they were authors or recipients of documents, who the other authors and recipients were, how many documents are involved, what categories they fall into, and among how large a group of persons such documents were circulated." *See* Pls.' Br. 16.

Second, AAA insists that

> the deliberative process privilege is qualified. Even if the Port Authority had carried its burden of demonstrating the privilege, a balancing of the factors favoring and disfavoring disclosure requires production of documents in the categories [of the privilege log] concerning the toll increases. Particularly in light of the fact that the Port Authority has shifted its reason for the toll increases from the one presented to the Commissioners to a different one now being presented to the [c]ourt, the reasons for the toll increase, as well as the toll increase decision-making process by the Port Authority and its Commissioners, are central to the [c]ourt's resolution of this case.

Pls.' Br. 8.

Finally, AAA asserts that "the Magistrate Judge should have conducted an *in camera* review of documents." Pls.' Br. 8, 24.

The court has reviewed the record of discovery in this matter, including the May 8 Order, the June 4 Opinion, plaintiffs' objections, and defendant's opposition to the objections, as well as relevant legal authorities. The court concludes that Magistrate Judge Pitman's June 4 Opinion and Order is neither contrary to law nor clearly erroneous. In reaching this conclusion, the court finds AAA's arguments to be unconvincing, and further finds that, as set forth above, Magistrate Judge Pitman correctly stated the applicable law.

## A. Deliberative Process Privilege

AAA asserts that neither the supplemental privilege log nor the Foye Declaration carried Port Authority's burden of demonstrating that the deliberative process privilege applies. Here, AAA makes several arguments that amount to an assertion that there was not enough information in either the privilege log or the Foye Declaration to show that the documents covered by the privilege log were deliberative.

### 1. *The Adequacy of the Privilege Log*

As to the specific arguments, first, AAA claims that the Port Authority's privilege log does not contain sufficient detail "to carry the Port Authority's burden of demonstrating that the withheld documents are deliberative." Pls.' Br. 7. This argument fails primarily because AAA made it before Magistrate Judge Pitman, who ruled on it in the May 8 Order, and because AAA did not then move to have the May 8 Order reconsidered or appeal it. *See AAA v. Port Authority I*, 297 F.R.D. at 57–58, 61. As a result, claims about the sufficiency of the privilege log have been waived by AAA.

As is noted in the June 4 Opinion, AAA conceded "that the revised privilege log is in compliance with [the] May 8 Order," and "[b]ecause the Port Authority's revised log complies with [the] May 8 Order, the issue of whether the log provides adequate information is now off the table and the only remaining question is whether the information in the revised privilege log establishes, for each category of documents, that the documents are both pre-decisional and deliberative." *AAA v. Port Authority II*, 2014 WL 2518959, at *6, *7 (citations omitted). In other words, AAA made its arguments concerning the sufficiency of the privilege log in its papers that resulted in the May 8 Order. The May 8 Order itself then detailed the manner in

which the Port Authority was to supplement the privilege log.[1] If AAA believed that the May 8 Order was somehow inadequate, its remedy was to seek its reconsideration or appeal to the court. As AAA neither moved for reconsideration of nor appealed the May 8 Order, Magistrate Judge Pitman found in the June 4 Opinion that any argument with respect to the sufficiency of the log was waived. *See AAA v. Port Authority II*, 2014 WL 2518959, at *7 ("If AAA thought [the] May 8 Order did not require sufficient information, its remedy was to seek reconsideration or to file objections with Judge Eaton. Having done neither, there is no basis to revisit the issues resolved in that Order.").

The court agrees with Magistrate Judge Pitman and finds that the sufficiency argument was abandoned by AAA when it failed to take action after the May 8 Order was issued. Having waived this argument before Magistrate Judge Pitman, AAA cannot now renew it before the

---

[1] Magistrate Judge Pitman gave the Port Authority the following instructions:
Accordingly, the Port Authority is directed to supplement its index by providing the number of individuals that comprise the "Authors" and "Recipients" of each of the eight challenged categories. If there are ten or fewer individuals, the Port Authority is directed to specifically identify these individuals. This limited supplementation is appropriate given that the purpose of categorical privilege logs, as detailed above, is to reduce the potential burdens imposed by a document-by-document privilege log in cases involving high volumes of privileged material. If there are only a relatively small number of individuals encompassed within the term "Client" as it is used in each of the challenged categories, the risk of burdensomeness is low and the efficiencies associated with a categorical log are not as compelling. If there are more than ten individual "Authors" or "Recipients" in any category, the Port Authority is to identify, by name and title, the most highly placed individual and the least highly placed individual with respect to each category.
Finally, the Port Authority is directed to supplement its privilege log further by providing the number of documents encompassed within each of the eight challenged categories. The Port Authority did provide this information in a letter to AAA . . . and stated at oral argument that the eight categories encompass approximately 200 documents. Nonetheless, a listing of the number of documents withheld on the log itself will streamline AAA's evaluation and provide it with a more fulsome record to assess the privilege.
*AAA v. Port Authority I*, 297 F.R.D. at 63–64 (citation omitted).

court by these objections. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *see also Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("We have adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision. (citations omitted)); *Munnerlyn v. Racette*, No. 13-CV-6894 (JMF)(SN), 2014 WL 4054263, at *1 (S.D.N.Y. Aug. 13, 2014) ("Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review." (citations omitted)); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99Civ.1930(RMB)(THK), 2002 WL 1628802, at *1 (S.D.N.Y. July 23, 2002) ("Plaintiff waived objections to Judge Katz's March 29, 2002 Order by filing it three weeks late." (citations omitted)).

AAA's next argument, that the Port Authority has provided no information with respect to communications between it and the New York and New Jersey governors' offices, is unconvincing. *See* Pls.' Br. 16. First, it is difficult to see how these communications are relevant to a case that turns on how the tolls were spent rather than how they were approved. Moreover, as Magistrate Judge Pitman observed, "[c]ommunications reflecting internal deliberations between government officials and their superiors regarding the prospective enactment of a policy are the quintessential examples of communications covered by the deliberative process privilege." *AAA v. Port Authority II*, 2014 WL 2518959, at *7 (citations omitted). Based on the foregoing, there can be no doubt that the log provides ample information from which a deliberative process determination can be made.

### 2. *The Adequacy of the Foye Declaration*

As with the privilege log, AAA's claim that the Foye Declaration is inadequate has been waived. Before Magistrate Judge Pitman, AAA's argument was limited to the question of whether or not Mr. Foye was the proper official to "assert the deliberative process privilege on behalf of the Governors of New York and New Jersey." *See* Mot. to Compel Mem. 5. Magistrate Judge Pitman found that, because the Port Authority had control of the documents, Mr. Foye, as Executive Director of the Port Authority, was the proper official to assert the privilege. In reaching this conclusion, Magistrate Judge Pitman found that

> [t]here is no legal requirement that invocation of the deliberative process privilege requires an affidavit from every recipient of the documents in issue. Rather, as noted above, the proper invocation of the privilege requires only an affidavit from the head of the agency with control of the documents. AAA's argument in this regard is based on a non-existent legal principle.

*AAA v. Port Authority II*, 2014 WL 2518959, at *6. In its objections to the June 4 Opinion, AAA does not appeal this holding.

Before the court, AAA now argues that Mr. Foye did not personally review the 339 documents summarized by the privilege log, and, "[t]herefore, the Magistrate Judge's conclusion that '[Mr.] Foye's declaration states that he has reviewed the 339 documents withheld pursuant to the deliberative process privilege and has found them to be pre-decisional and deliberative' is clearly erroneous." *See* Pls.' Br. 15 (quoting *AAA v. Port Authority II*, 2014 WL 2518959, at *6) ("Mr. Foye did not review the 339 documents; other people reviewed the documents and told Mr. Foye that they were pre-decisional and deliberative and subject to the privilege."). With respect to this claim, AAA fails to say why it matters. If its claim is that Magistrate Judge Pitman credited Mr. Foye with more effort than he deserved, this may be true, but it is hardly objectionable. If, on the other hand, AAA is claiming that Mr. Foye should have examined each

11

document and come to an independent conclusion as to whether it was subject to the deliberative process privilege, then, because this argument was not made before Magistrate Judge Pitman, it is waived. *See Bottone v. United States*, No. 09 Civ. 10015(RMB), 2012 WL 717235, at *2 (S.D.N.Y. Mar. 5, 2012) ("[A] petitioner may not raise new arguments in an objection that he did not raise before the Magistrate Judge. (citing *Forman v. Artuz*, 211 F. Supp. 2d 415, 418 n.8 (S.D.N.Y. 2000))); *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068(JFK), 2009 WL 1360686, at *3 (S.D.N.Y. May 15, 2009) ("According to *Moore's Federal Practice*, '[a] party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order.'" (citation omitted) (quoting 14 James Wm. Moore et al., *Moore's Federal Practice* § 72.11[1][a] (3d ed. 2000))); *Am. Centennial Ins. Co. v. Seguros La Republica, S.A.*, No. 91 Civ. 1235(MJL), 1992 WL 162770, at *1 n.3 (S.D.N.Y. June 22, 1992) ("[W]e need not address an issue that was not raised before the magistrate judge."); *see also Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006). In other words, AAA may not raise its objections in a piecemeal fashion. Thus, because AAA had the Foye Declaration before it made its motion to compel and before the June 4 Opinion was issued, any question relating to the declaration should have been presented to Magistrate Judge Pitman. As noted previously, before Magistrate Judge Pitman, AAA's sole argument related to the Foye Declaration was that Mr. Foye was not the proper official to "assert the deliberative process privilege on behalf of the Governors of New York and New Jersey." *See* Mot. to Compel Mem. 5. Any other arguments AAA makes here regarding the Foye Declaration were waived when it failed to raise them before Magistrate Judge Pitman.

## B. Balancing of Factors

Next, it is equally apparent that Magistrate Judge Pitman correctly weighed the factors favoring and disfavoring disclosure when he found that the 339 documents that plaintiffs seek were subject to the privilege. In reaching his conclusion, Magistrate Judge Pitman found that the burden lay with the Port Authority to both prepare an adequate privilege log and to establish "that the elements of the privilege exist." *AAA v. Port Authority II*, 2014 WL 2518959, at *5 (citation omitted).

As to balancing the parties' interests, Magistrate Judge Pitman first listed the applicable factors:

> [f]actors favoring disclosure include (1) the relevance of the requested materials to the [requesting party's] case, (2) the importance of the materials to the [requesting party's] case, including the availability of the information from alternative sources, (3) the strength of the [requesting party's] case . . ., and (4) the importance [of disclosure] to the public interest. Factors against disclosure include (1) threats to public safety, (2) the invasion of government officials' privacy, (3) the weakening of government programs, and (4) the chilling of internal candor.

*Id.* at *8 (alterations in original) (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 643 F. Supp. 2d. 439, 442–43 (S.D.N.Y. 2009)) (citing *In re Delphi Corp.*, 276 F.R.D. 81, 85–86 (S.D.N.Y. 2011)). He next noted that

> [t]he importance of the evidence to the plaintiffs' case, or the plaintiffs' need for the evidence, has consistently been found to be "the most important of all factors." The critical inquiry is ordinarily whether the government's deliberations, motivations, or thought process themselves are genuinely in issue in the case, and the privilege is routinely found to be inapplicable where the agency deliberations are central to the case.

*Id.* at *9 (citations omitted) (quoting *King v. Conde*, 121 F.R.D. 180, 194 (E.D.N.Y. 1988)) (citing *In re Delphi Corp.*, 276 F.R.D. at 85 ("Where the deliberative or decisionmaking process

13

is the 'central issue' in the case, the need for the deliberative documents will outweigh the possibility that disclosure will inhibit future candid debate among agency decision-makers.")).

Magistrate Judge Pitman then applied the factors to this case:

Here, AAA argues that documents in categories 17,[2] 18,[3] 19[4] and

---

[2]     Category number 17 of the supplemental privilege log covers fifty documents described in the log as
> [n]on-public communications, including documents reflecting communications, reflecting internal deliberations and/or discussing, reflecting, or in furtherance of recommendations, draft documents, proposals, suggestions, and/or other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency, regarding the 2011 proposed toll and fare increases, including whether to raise the tolls and fares; the size of the toll and fare increase; and whether to implement an objective, financial-model based mechanism for future toll and fare increases.

Supplemental Privilege Log at 1.

[3]     Category number 18 of the supplemental privilege log covers 106 documents described in the log as
> [n]on-public memoranda, white papers, draft documents, and/or other documents, reflecting internal deliberation and/or discussing, reflecting or in furtherance of recommendations, proposals, suggestions, and/or other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency, regarding the 2011 proposed toll and fare increases, including whether to raise the tolls and fares; the size of the toll and fare increase; and whether to implement an objective, financial-model based mechanism for future toll and fare increases.

Supplemental Privilege Log at 2.

[4]     Category number 19 of the supplemental privilege log covers forty-two documents described in the log as
> [n]on-public communications, including documents reflecting communications, and other non-public documents, reflecting internal deliberations and/or discussing, reflecting, or in furtherance of recommendations, draft documents, proposals, suggestions, and/or other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency, regarding the 2011 approved toll and fare increases, including but not limited to proposals to modify or suspend them, including adjustments to the toll discount plan for the Bayonne and Goethals Bridges and the Outerbridge Crossing (approximate decision date: Dec. 8, 2011; documents generated Oct. 19, 2011–Dec. 8, 2011); adjustments to the toll discount plan for commercial vehicles (deliberations ongoing during relevant time period); and whether to modify and/or

14

> 20[5] [of the privilege log] should be produced because the "reasons for the toll increases, and the deliberations and the decision of the Port Authority Commissioners to approve the toll increases, are [central] to [its] case."
>
> I conclude that AAA's claims under the dormant Commerce Clause and the Highway Act do not turn on the Port Authority Commissioners' internal deliberations or motivations and that AAA's interests do not, therefore, outweigh the interests protected by the deliberative process privilege.

*Id.* at *9 (alteration in original) (quoting Mot. to Compel Mem. 6). Thus, Magistrate Judge Pitman found, and the court agrees, that the documents sought—which may contain evidence as to why the Port Authority raised the tolls—are simply not relevant to AAA's case. Therefore, in balancing the factors, it is apparent that (1) the requested material is not relevant to AAA's case, (2) the availability of the documents is thus not at all important to AAA's case, (3) AAA's case, insofar as it is based on the purported reasons given by the Port Authority when the tolls were imposed as distinct from how the tolls were spent, is weak, and (4) while there may be some interest in having the documents disclosed to the public, that interest has nothing to do with

---

> suspend entirely the August 2011 toll and fare increases (deliberations ongoing during relevant time period).

Supplemental Privilege Log at 3.

[5]   Category number 20 of the supplemental privilege log covers twenty-five documents described in the log as

> [n]on-public memoranda, white papers, draft documents, and/or other documents, reflecting internal deliberations and/or discussing, reflecting or in furtherance of recommendations, proposals, suggestions, and/or other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency, regarding the 2011 approved toll and fare increases, including but not limited to proposals to modify or suspend them, including adjustments to the toll discount plan for the Bayonne and Goethals Bridges and the Outerbridge Crossing (approximate decision date: Dec. 8, 2011; documents generated Oct. 19, 2011–Dec. 8, 2011); adjustments to the toll discount plan for commercial vehicles (deliberations ongoing during relevant time period); and whether to modify and/or suspend entirely the August 2011 toll and fare increases (deliberations ongoing during relevant time period).

Supplemental Privilege Log at 3.

15

AAA's case itself. Thus, because the factors favoring disclosure weigh against AAA, its claim is unconvincing and the factors weighing against disclosure need not be considered.

### C. *In Camera* Review

Last, AAA's claim that Magistrate Judge Pitman should have conducted *in camera* review of the documents is without merit. *See Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008) ("*In camera* review is appropriate where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld. Only if the government's affidavits make it effectively impossible for the [circuit] court to conduct de novo review of the applicability of FOIA exemptions is *in camera* review necessary. Ultimately, the decision is entrusted to the district court's discretion." (citing *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988); *Donovan v. FBI*, 806 F.2d 55, 59 (2d Cir. 1986), *abrogated on other grounds by U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 170 (1993))); *see also Local 3*, 845 F.2d at 1180 ("*In camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion." (citing *Donovan*, 806 F.2d at 59; *Mead Data Cent., Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 250 n.10 (D.C. Cir. 1977))). Here, it is apparent that Magistrate Judge Pitman found that the descriptions in the "privilege log provide[d] AAA with more than enough information to make challenges to individual categories of documents, but AAA . . . declined to do so." *AAA v. Port Authority II*, 2014 WL 2518959, at *11. Therefore, *in camera* review would serve no purpose here.

### D. Relevance

As noted, Magistrate Judge Pitman is correct in his observation "that AAA's claims under the dormant Commerce Clause and the Highway Act do not turn on the Port Authority Commissioners' internal deliberations or motivations and that AAA's interests do not, therefore, outweigh the interests protected by the deliberative process privilege." *Id.* at *9. In other words, Magistrate Judge Pitman found, and the court agrees, that evidence of the reasons why the Port Authority raised the tolls are not relevant to a case that rests upon how the money raised by the tolls was and is spent. Therefore, even without the invocation of the deliberative process privilege, the 339 documents sought by AAA would not be relevant to its case and would thus not be subject to disclosure. *See, e.g., Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) ("Discovery may not be had regarding a matter which is not 'relevant to the subject matter involved in the pending action.'" (quoting Fed. R. Civ. P. 26(b)(1))); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508(SAS), 2011 WL 3738979, at *5 (S.D.N.Y. Aug. 18, 2011), *report and recommendation adopted*, 2011 WL 3734236 (S.D.N.Y. Aug. 24, 2011) ("If information is not relevant, it is not discoverable . . . .").

### CONCLUSION

Based on the foregoing, the court finds no merit in AAA's objections and, therefore, affirms the June 4 Opinion.

SO ORDERED.

Dated:   May 27, 2015
         New York, NY

/S/   Richard K. Eaton
      Judge