# **Exhibit O**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -X

AUTOMOBILE CLUB OF NEW YORK, INC.              :
and AAA CLUBS OF NEW JERSEY, INC.,
                                               :
                    Plaintiffs,
                                               :  87 Civ. 2419 (MP)
            - against -
                                               :
THE PORT AUTHORITY OF NEW YORK and NEW
JERSEY, PHILIP D. KALTENBACHER, ROBERT F.      :
WAGNER, RICHARD C. LEONE, JAMES G.
HELLMUTH, HENRY F. HENDERSON, JR., WILLIAM     :
K. HUTCHINSON, H. CARL McCALL, JOHN G.
McGOLDRICK, WILLIAM J. RONAN, HOWARD           :
SCHULMAN, ROBERT VAN BUREN, HAZEL FRANK
GLUCK, as Commissioners of the Port            :
Authority of New York and New Jersey,
                                               :
                    Defendants.
                                               :
- - - - - - - - - - - - - - - - - - - - - - -X
```

## PLAINTIFFS' TRIAL MEMORANDUM

KISSAM & HALPIN
101 PARK AVENUE
NEW YORK, N.Y. 10178
949-1010

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -X
```

AUTOMOBILE CLUB OF NEW YORK, INC.  
and AAA CLUBS OF NEW JERSEY, INC.,

                    Plaintiffs,

                                                                                                      87 Civ. 2419 (MP)

            - against -

THE PORT AUTHORITY OF NEW YORK and NEW  
JERSEY, PHILIP D. KALTENBACHER, ROBERT F.  
WAGNER, RICHARD C. LEONE, JAMES G.  
HELLMUTH, HENRY F. HENDERSON, JR., WILLIAM  
K. HUTCHINSON, H. CARL McCALL, JOHN G.  
McGOLDRICK, WILLIAM J. RONAN, HOWARD  
SCHULMAN, ROBERT VAN BUREN, HAZEL FRANK  
GLUCK, as Commissioners of the Port  
Authority of New York and New Jersey,

                    Defendants.

```
- - - - - - - - - - - - - - - - - - - - - - -X
```

## PLAINTIFFS' TRIAL MEMORANDUM

### PRELIMINARY STATEMENT

      In Auto. Club of N.Y., Inc. v. Cox, Judge Friendly of the Second Circuit Court of Appeals concluded that the inclusion of the Port Authority Trans-Hudson ("PATH") commuter railroad in the rate base for setting tolls across the interstate bridges operated by the defendant Port Authority of New York and New Jersey ("PA") was "a giant leap from anything previously taken into account in determining appropriate rates" and cast severe doubt over whether the "huge deficits of PATH can properly be loaded onto users of the PA bridges". At the

interdependence between PATH and the PA's Staten Island bridges and only a small degree of interdependence between PATH and the George Washington Bridge, and that bridge users receive virtually no benefit from the operation of PATH.

## ARGUMENT

### POINT I

### NO STATUTORY AUTHORITY EXISTS FOR INCLUDING PATH IN THE RATE BASE

Pursuant to 33 U.S.C. § 508 (West Supp. 1988), tolls charged for passage or transit over any bridge constructed under the authority of the "Bridge Act of 1906", 33 U.S.C. §§ 421-498, shall be "just and reasonable". Under the "just and reasonable" provision, however, the inclusion of PATH deficits in setting bridge tolls "is a giant leap from anything previously taken into account in determining appropriate rates". Cox, supra, 592 F.2d at 672.

A. Congress Has Not Granted The PA The Authority To Fix Bridge Tolls Based On The Combined Operation Of Its Bridges, Tunnels and PATH.

As the Second Circuit concluded in the Cox decision, unlike the Delaware River Port Authority ("DRPA"), Congress has not acted to confer PA with the power to fix bridge tolls based on the combined operation of its facilities, including its bridges, tunnels and railroads; indeed, the court stated,

-4-

Congress' specific grant to the DRPA without making a corresponding grant to the PA "standing alone, might seem to work against PA rather than for it". Cox, supra, at 665.

Nor did the court find excerpts in the legislative history accompanying Congress' consent to the 1952 compact between New Jersey and Pennsylvania resulting in the DRPA persuasive in supporting the PA's contentions. To the contrary, the court found PA's arguments "more imaginative than convincing", especially with respect to the inclusion of PATH in the group, which was not acquired by the PA until the decade following passage of the DRPA legislation. Id. at 666.

In addition to the absence of Congressional approval for the funding of PATH's huge deficit operations through surplus bridge revenues, the court also found nonexistent any state authority. Unlike the bridge and tunnel legislation enacted by the States of New York and New Jersey in 1931, which concluded that the PA's bridges and tunnels benefit each other and directed they be operated and maintained as group in all respects, "no recitation that the users of PATH benefited from the bridges and tunnels or vice versa, and no direction for a 'single unified operation' was made" in the legislation authorizing the acquisition of PATH. Cox, supra, at 662.

Recently, Congress has enacted the Federal Highway Act of 1987 ("Highway Act") and thereby transferred jurisdiction from the Federal Highway Administration to the federal courts in the first instance to access the just and

-5-

reasonableness of bridge tolls. It is clear from the legislative history accompanying the Highway Act that no substantive change in the law was intended.

Indeed, the Conference Report expressly states that the Act was not intended to overturn existing authority construing the "just and reasonable" clause. See Stipulation of Agreed Facts, ¶¶ 31 and 32. The Cox decision thus as "existing authority" concerning PA's use of its bridge revenues for non-bridge purposes stands as guiding precedent, along with the severe doubt that that decision cast over the inclusion of PATH in any rate base used to set bridge tolls.

B.  PATH Bears No Functional Relationship To The PA Bridges And Thus Its Inclusion In The Rate Base Is Unjust And Unreasonable.

Having found no Congressional or state authorization for the combined operation of the PA's facilities including PATH, the court in Cox focused on "principles of law applicable to the General Bridge Act and, in the absence of these, to rate making in general". Cox, supra, at 667. In this context, the court painstakingly reviewed the Federal Highway Administrator's determination that is was just and reasonable for the rate base to comprise all PA facilities which "'act to relieve congestion on the bridges'" -- a function of the degree of interdependence between the various PA facilities making up its transportation network. Id. at 669. It was the PA's contention in Cox, as it remains in this case, that its system of

grow to $50.5 million. Why should the bus terminals operate at such huge deficits? The answer to Judge Friendly's question is clear -- because the PA has captivated a continuous, unchecked stream of revenue from motorists who use the PA's bridges and tunnels. This answer is intolerable and places a discriminatory burden on motorists to support PA facilities designed primarily for the benefit of non-motorists.

At a minimum, if the just and reasonable clause is to be of any significance, PATH fares and charges at the PA's bus terminals should be increased so that the burden of funding these huge deficit operations is shared on a more just and reasonable basis with those who actually receive the benefits of the operation of those facilities.

## CONCLUSION

In light of the foregoing, this Court should exclude PATH from the rate base and order a rollback of the toll increase.

Dated: New York, New York
       November 23, 1988

                                    Respectfully submitted,

                                    KISSAM & HALPIN

                                    By: _____
                                        A Member of the Firm

                                    101 Park Avenue
                                    New York, New York 10178
                                    (212) 949-1010

                                    Attorneys for Plaintiffs

-15-