# **Exhibit P**

# 89-7267

# United States Court of Appeals

### For the Second Circuit

AUTOMOBILE CLUB OF NEW YORK, INC.
and AAA CLUBS OF NEW JERSEY,

*Plaintiffs-Appellants,*

against

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PHILIP D. KALTENBACHER, ROBERT F. WAGNER, RICHARD C. LEONE, JAMES G. HELLMUTH, HENRY F. HENDERSON, JR., WILLIAM K. HUTCHISON, H. CARL McCALL, JOHN G. McGOLDRICK, WILLIAM J. RONAN, HOWARD SCHULMAN, ROBERT VAN BUREN, HAZEL FRANK GLUCK, as Commissioners of the Port Authority of New York and New Jersey,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of New York

## BRIEF OF PLAINTIFFS-APPELLANTS AUTOMOBILE CLUB OF NEW YORK, INC. AND AAA CLUBS OF NEW JERSEY

KISSAM & HALPIN
909 Third Avenue
New York, New York 10022
(212) 949-1010
*Attorneys for Plaintiffs-Appellants
Automobile Club of New York, Inc.
and AAA Clubs of New Jersey*

*Of Counsel:*
   ANTHONY S. GENOVESE
   DENNIS J. CROSSLEY
   JOHN D. D'ERCOLE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

89-7267

---

AUTOMOBILE CLUB OF NEW YORK, INC.
and AAA CLUBS OF NEW JERSEY,

                              Plaintiffs-Appellants,

-against-

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
PHILIP D. KALTENBACHER, ROBERT F. WAGNER,
RICHARD C. LEONE, JAMES G. HELLMUTH, HENRY
F. HENDERSON, JR., WILLIAM K. HUTCHISON, H.
CARL McCALL, JOHN G. McGOLDRICK, WILLIAM J.
RONAN, HOWARD SCHULMAN, ROBERT VAN BUREN,
HAZEL FRANK GLUCK, as Commissioners of the
Port Authority of New York and New Jersey,

                              Defendants-Appellees.

---

On Appeal from the United States District Court
for the Southern District of New York

---

BRIEF OF PLAINTIFFS-APPELLANTS
AUTOMOBILE CLUB OF NEW YORK, INC.
AND AAA CLUBS OF NEW JERSEY

---

PRELIMINARY STATEMENT

When Congress consented to the construction of the Port Authority of New York and New Jersey's ("Port Authority") four interstate bridges, it did so on the condition that bridge tolls be just and reasonable. In Auto. Club of New York, Inc. v. Cox, 592 F.2d 658 (2d Cir. 1979)(Friendly, J.), this court

POINT IV

THE ELEVENTH AMENDMENT DOES NOT
BAR AN ACTION AGAINST PORT
AUTHORITY CHALLENGING THE JUSTNESS
AND REASONABLENESS OF BRIDGE TOLLS

Before Congress passed the Highway Act, 33 U.S.C. § 508, which created subject matter jurisdiction in the "courts" to determine the justness and reasonableness of tolls over bridges subject to the Bridge Act, exclusive jurisdiction over such determinations was vested in the Secretary of Transportation pursuant to 33 U.S.C. § 494, amended by 33 U.S.C. §508.[17] The Secretary of Transportation delegated this exclusive federal function to the Administrator. See Cox, supra, 592 F.2d at 661.

Under the Bridge Act, a comprehensive federal regulatory scheme was set up to adjudicate challenges to bridge tolls, with judicial review of determinations made by the Administrator exclusively in the federal court under the APA. See 5 U.S.C. § 702[18]; Beeman v. Olson, 828 F.2d 620, 621 (9th

---

[17] Congress consented to the construction of the Port Authority's four bridges upon the express condition that they be operated and maintained in accordance with the Bridge Act. See Stipulation I at ¶ 9, J.E. 3.

[18] 5 U.S.C. § 702 provides in relevant part: "A person suffering legal wrong because of agency action ... is entitled to judicial review thereof. An action in a court of tne United States seeking relief other than money damages ... shall not be
(Footnote Continued)

-38-

Cir. 1987); Aminoil U.S.A., Inc. v. Cal. State, Etc., 674 F.2d 1227, 1233 (9th Cir. 1982) (A state may entertain an action against officers of the federal government only if the United States consented to suit. "'The consent to suit [set forth in § 702 of the APA] is limited to claims in the Courts of the United States; hence the United States remains immune from suit in state courts'"); see, e.g., Cox, supra.

Congress necessarily abrogated any Eleventh Amendment immunity that the Port Authority may have had in expressly subjecting "persons" to the Bridge Act's mandate that tolls be just and reasonable. See 33 U.S.C. § 497. "Persons" include "municipalities, quasi municipal corporations, corporations, companies, and associations." Id. The Port Authority has been variously characterized as a "'person,'" "'the municipal corporate instrumentality of the two states for the purpose of developing the port and effectuating the pledge of the states in the said compact,'" and a "'body corporate and politic.'" See Port Auth. Police Ben. Ass'n v. Port Auth. of N.Y., 819 F.2d 413 (3rd Cir.), cert. denied, ___ U.S. ___, 108 S.Ct. 344 (1987); see also Bush Terminal Co. v. City of New York, 282 N.Y. 306, 319 (1940); People v. Breslow, 39 Misc.2d 576, 577 (Sup. Ct., N.Y.Cty. 1963). Clearly, the Port Authority under

---

(Footnote Continued)
dismissed on the ground that it is against the United States...."

these authorities is either a "person" or a "quasi municipal corporation" under the Bridge Act. Indeed, in regulations promulgated by FHWA, "Respondent" was expressly defined as "the person or agency of a state or a political subdivision of a state, which has responsibility for establishing or collecting a toll, the rate or duration of which is alleged to be unreasonable, unjust, or both." See 49 C.F.R. § 310.2 (1985), repealed by 33 U.S.C. § 508. This definition of Respondent is clearly an indication that the majority of bridge owners was recognized to be states or a political subdivision of a state, yet they were subjected to suit in federal court under the Bridge Act and the APA.

   Given Congress' reservation of bridge toll determinations under the Bridge Act exclusively as a federal function, with review exclusively in the federal courts under the APA, it must be presumed that these determinations would continue to be made in the federal domain after passage of the Highway Act. Indeed, this interpretation is one apparently adhered to by the State of New York. In a Final Report On The Verrazano-Narrows Bridge Tolls, dated May 1, 1987, the New York State Department of Transportation concludes in its review of the Federal Bridge Acts under the Highway Act amendment: "The U.S. Department of Transportation will no longer determine whether tolls are just and reasonable. Instead the Federal Court will make such a determination when tolls are

-40-

challenged". See Defendants' Exhibit A, J.E. 494 (emphasis added).

Congress' prior abrogation of the states' Eleventh Amendment immunity within the comprehensive federal regulatory scheme enacted to assure the justness and reasonableness of bridge tolls, with review exclusively in the federal court, distinguishes this case from cases such as Welch v. Dep't of Highways & Public Transp., 483 U.S. ___, 107 S.Ct. 2941 (1987). In that case no such comprehensive federal regulatory scheme governing the exclusive adjudication of claims existed under the federal statutes involved. Thus, while Welch may stand for the principle that Congressional abrogation of Eleventh Amendment immunity must be expressed in "unmistakable statutory language," Welch, supra, at 398, it does not address the situation where Congress prior to passage of a statute creating subject matter jurisdiction in the courts, had abrogated the states' Eleventh Amendment immunity by subjecting them to proceedings before a federal agency with review exclusively in the federal court. For these reasons, Clallam Cty. v. Dept. of Transp. State of Wash., 849 F.2d 424 (9th Cir. 1988), is also inapposite. Accordingly, the district court's dismissal of th Auto Clubs' Amended Complaint against the Port Authority should be reversed.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the district court erred in finding that the Port Authority's 1987 toll increase was just and reasonable and, accordingly, the judgment entered below should be reversed.

Dated: New York, New York
April 26, 1989

Respectfully submitted,

KISSAM & HALPIN

By: _____
A Member of the Firm
909 Third Avenue
New York, New York 10022
(212) 949-1010

Attorneys for Plaintiffs-
Appellants AUTOMOBILE CLUB OF
NEW YORK, INC. and
AAA CLUBS OF NEW JERSEY

Of Counsel:

Anthony S. Genovese
Dennis J. Crossley
John D. D'Ercole