# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Richard W. Mark
Direct: +1 212.351.3818
Fax: +1 212.351.5338
RMark@gibsondunn.com

August 24, 2016

BY ECF

The Honorable Richard K. Eaton
United States Court of International Trade
One Federal Plaza
New York, New York 10278

Re:   *AAA Northeast and AAA North Jersey, Inc. v. Port Authority of New York and New Jersey*, 11 Civ. 6746 (RKE) (HBP)

Dear Judge Eaton:

This letter responds to Plaintiffs' supplemental citation of *American Trucking Associations v. NYS Thruway Authority*, 2016 WL 4275435 (S.D.N.Y. Aug. 10, 2016).

*American Trucking* is completely distinguishable from this action. *American Trucking* challenged spending toll proceeds to maintain a canal system used not for transportation, but as a tourist attraction. The defendant Thruway Authority acknowledged "that the canals are not 'a viable transportation system for moving cargo,'" 2016 WL 4275435 at *21, effectively conceding the canal system had no functional relationship to the Thruway. The court thus concluded the canal system provided no benefit to truckers. These facts track *Bridgeport Ferry*, where the court found a Dormant Commerce Clause violation based on the defendant's use of ferry fares for projects with no functional relationship to ferry facilities and that provided no benefit to ferry passengers.

Defendant's summary judgment motion addresses these Dormant Commerce Clause arguments at 16–20 of the opening brief (D.I. 133), and 2–8 of the reply brief (D.I. 159). Of course, Port Authority interstate vehicular toll revenues can be spent on components of the Interstate Transportation Network. *See Auto. Club of N.Y. Inc. v. Port Authority,* 887 F.2d 417, 421 (2d Cir. 1989) (noting functional relationship among facilities that contribute to the Port Authority's providing efficient transportation over and under the waterways between southern New York and northern New Jersey). *American Trucking* emphasized this point, contrasting the case before it with the Court of Appeals' previous holding that Port Authority's PATH train operating costs could be considered when setting "tolls charged on its bridges and tunnels, but only because there was a 'functional relationship' between commutation over the same route ... by car and by train." 2016 WL 4275435 at *16.

The "'Dormant Commerce Clause doctrine' does not prohibit …laws or regulations affecting commerce, but it does prohibit …either discriminating against or unduly burdening interstate commerce." *Id.* at *14–*15 (citing, *inter alia, Northwest Airlines*). Plaintiffs have never

Hon. Richard K. Eaton
August 24, 2016
Page 2

complained of discrimination and the ITN's full costs exceed the ITN toll revenue. For the foregoing reasons, this action is outside the *Bridgeport Ferry* and *American Trucking* paradigm.

Respectfully submitted,

Richard W. Mark

cc: All Counsel of Record (*via ECF filing*)